IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-121-GCM

| | |
|---|---|
| BETTY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BLUE CROSS AND BLUE SHIELD OF ) | |
| ALABAMA, CAHABA SAFEGUARD ) | |
| ADMINISTRATORS, LLC, and BLUE ) | |
| CROSS AND BLUE SHIELD OF ) | |
| ALABAMA GROUP HEALTH CARE ) | |
| PLAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Betty Brown's Motion to Compel and Memorandum in Support (Doc. No. 17), Defendants' Response in Opposition (Doc. No. 18), and Plaintiff's Reply Memorandum in Support (Doc. No. 19). Plaintiff has withdrawn her Motion to Compel insofar as it relates to her Request for Production of Documents. (Pl.'s Reply at 6, Doc. No. 19.) As such, that portion of her Motion is **DENIED** as moot. For the reasons stated below, the remainder of Plaintiff's Motion, related to Plaintiff's First Set of Interrogatories, is **GRANTED** insofar as it seeks to compel Defendants to specify the records that must be reviewed in accordance with Federal Rule of Civil Procedure 33(d).

### I.  FACTUAL BACKGROUND

Plaintiff Betty Brown was employed by Blue Cross Blue Shield offices for a total of forty-three years and retired in 2011. (Pl.'s Mem. Supp. at 2, Doc. No. 17.) Plaintiff had worked for Blue Cross Blue Shield of North Carolina ("BCBS-NC") for thirty-three years, ending in 2001, at which point she held the position of Advanced Staff Auditor. (*Id.*) In 2001, the work

1

Plaintiff performed for BCBS-NC was obtained by Cahaba Benefit Administrators ("CBA"), an affiliate of Blue Cross Blue Shield of Alabama ("BCBS-AL"). (*Id.*; Def.'s Answer ¶ 7, Doc. No. 3.) Plaintiff and other employees of BCBS-NC were offered the opportunity to and did transition into work for CBA. (Pl.'s Mem. Supp. at 2, Doc. No. 17.)

Following her transfer to CBA, Plaintiff continued to perform the tasks she had performed previously for BCBS-NC. (*Id.*) According to Plaintiff, her job performance at CBA was at all times rated satisfactory or above in her performance evaluations. (*Id.*) After her transfer to CBA, Plaintiff allegedly observed that younger employees who had transitioned at the same time as she did from BCBS-NC and other Blue Cross Blue Shield entities to CBA "were provided better wages, benefits and service awards than she was provided, in spite of the fact that some were performing the same or a similar position to hers." (*Id.*) Additionally, Plaintiff alleges that she should have been eligible for certain medical benefits and coverage for her and her family under the "Blue Cross and Blue Shield of Alabama Retiree Plan." (*Id.* at 3.) According to Plaintiff, she was denied these benefits; however, Plaintiff alleges, "[t]hese benefits have been afforded to younger employees who transitioned to Blue Cross Blue Shield of Alabama." (*Id.*)

On April 12, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendants, in which she alleged discrimination on the basis of age in the terms and conditions of her employment with Defendants. (First Am. Compl. ¶ 33, Doc No. 1-3.) Plaintiff alleged in the alternative that the policies of BCBS-AL had a disparate and adverse impact on older workers in violation of the Age Discrimination in Employment Act ("ADEA"); particularly, Plaintiff alleged that BCBS-AL awarded service credit

to employees who transitioned, but did not retire, for their years of service with BCBS-NC. On September 4, 2012, Plaintiff received a Notice of Right to Sue from the EEOC. (*Id.* ¶ 34.)

The present discovery dispute arises from Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (Doc. No. 17-1.) Plaintiff served these discovery requests on May 29, 2013, and Defendants served their responses in the beginning of July 2013. (Pl.'s Mem. Supp. at 4, Doc. No. 17.) On February 19, 2014, via facsimile and email, Plaintiff notified Defendants about certain deficiencies in their discovery responses and asked Defendants to supplement those responses. (Ex. D, Doc. No. 17-4.) According to Plaintiff, Defendants provided insufficient responses to Interrogatory Nos. 7–11. (*Id.*) Particularly, Plaintiff informed Defendants that they had not responded to Interrogatory No. 7 whatsoever. Additionally, when answering Interrogatory Nos. 8–11, Defendants exercised their right under Federal Rule of Civil Procedure 33(d) to provide documents with responsive information; Plaintiff complained to Defendants that these documents "[did] not begin to answer the interrogatories and the information requested." (*Id.*)

In late February 2014, the parties made efforts to settle the matter through a mediator, Judge Carl Horn. (Defs.' Resp. Opp'n at 7, Doc. No. 18.) During this time, Plaintiff agreed with Judge Horn "to extend the time for [Defendants] to respond to the request for supplementation of discovery responses" and to "hold off filing a motion to compel while [the parties] were in settlement discussions." (Ex. D, Doc. No. 17-4.) Unfortunately, in March 2014, the settlement discussions broke down. (Defs.' Resp. Opp'n at 8, Doc. No. 18.) On March 26, 2014, Plaintiff notified Defendants that, because Defendants had not responded to Plaintiff's settlement offer, she would "go ahead and file the motion to compel . . . tomorrow unless [Defendants] provide[d] sufficient supplementation as requested in [Plaintiff's] February 19th letter." (Ex. D, Doc. No.

3

17-4.) In an email sent that same day, Defendants responded that they would "make relevant, responsive documents to be available for inspection in Birmingham, Alabama," and that this should "resolve[] any discovery dispute." (*Id.*) In response to this offer, Plaintiff sent two more emails to Defendants on March 26 and March 27, 2014, asking how many documents were available for review, whether they were currently available for review, whether they were responsive to all Plaintiff's requests, and whether Defendants would be providing the requested supplemental answers to the Interrogatories in dispute. (Pl.'s Mem. Supp. at 5, Doc. No. 17.) Defendants failed to respond to these inquiries, so Plaintiff filed the instant Motion on March 31, 2014. (Pl.'s Mot. Compel, Doc. No. 17.)

Defendants have agreed to provide documents that are responsive to Plaintiff's discovery requests. Plaintiff has therefore withdrawn her Motion to Compel insofar as it relates to the Requests for Production of Documents. (Pl.'s Reply at 6, Doc. No. 19.) Thus, the remaining portion of Plaintiff's Motion relates only to Interrogatory Nos. 7–11; Plaintiff asks the Court to order Defendants "to provide full and complete responses to [the Interrogatories in dispute] and, if Defendant is seeking to utilize Rule 33(d), to comply with Rule 33(d)'s requirements in their responses." (*Id.* at 5–6.) Defendants, in their Response in Opposition, maintain that their email response on March 26, 2014—an offer to make "relevant, responsive documents" available for Plaintiff's review in Birmingham, Alabama—met the requirements of Rule 33(d). (Defs.' Resp. Opp'n at 10–11 & n.5, Doc. No. 18.) Thus, Defendants contend that the Court should deny Plaintiff's Motion as moot. (*Id.* at 13.)

## II. LEGAL STANDARD

Generally, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be

4

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The scope of discovery permitted by Rule 26 "is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case." *United States v. Albemarle Corp.*, No. 5:11-00991-JM, 2013 WL 6834597, at *2 (D.S.C. Dec. 23, 2013) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992)).

If a party fails to answer an interrogatory, the party seeking discovery "may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B). This Rule makes clear that "an evasive or incomplete answer is to be considered . . . a failure to answer. The courts . . . have the power to compel adequate answers." Fed. R. Civ. P. 37 advisory committee's note (1970 Amendment). However, in lieu of answering interrogatories, Rule 33(d) provides the responding party "the option of choosing to answer the interrogatories by providing access to business records." *U.S. Sec. & Exch. Comm'n v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002). The Rule provides that:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

The party seeking to produce records in lieu of answering interrogatories must satisfy several factors to justify the use of Rule 33(d). *Hillyard Enters., Inc. v. Warren Oil Co., Inc.*, No. 5:02-CV-329, 2003 WL 25904133, at *2 (E.D.N.C. Jan. 31, 2003); *Elfindepan*, 206 F.R.D.

at 576–77. Relevant here, the producing party must show that a review of the offered documents will, in fact, reveal answers to the interrogatories. *Elfindepan*, 206 F.R.D. at 576 ("The producing party must show that the named documents contain all of the information requested by the interrogatories."). Additionally, the producing party must adequately and precisely specify, for each interrogatory, the actual documents where the requested information will be found. *Warren Oil*, 2003 WL 25904133, at \*2; *Elfindepan*, 206 F.R.D. at 576 ("Document dumps or vague references to documents do not suffice."). This requirement is meant "to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." Fed. R. Civ. P. 33 advisory committee's note (1980 Amendment).

### III. DISCUSSION

Plaintiff has asked the Court to order Defendants "to provide full and complete responses" to Interrogatory Nos. 7–11 and, if utilizing Rule 33(d) to answer these interrogatories, to comply with the requirements of the Rule by "specifying the records that must be reviewed, in sufficient detail to enable [Plaintiff] to locate and identify them as readily as [Defendants] could." (Pl.'s Mem. Supp. at 12, Doc. No. 17; Pl.'s Reply at 5, Doc. No. 19.) Defendants point to their email to Plaintiff dated March 26, 2014, in which they offered to make "relevant, responsive documents" available for Plaintiff's review in Birmingham, Alabama. This communication, they argue, complied with Rule 33(d) and was therefore responsive to the interrogatories in dispute. (Defs.' Resp. Opp'n at 11 n.5, Doc. No. 18.) The Court will discuss each Interrogatory in turn.

### A. Interrogatory No. 7

Plaintiff's Interrogatory No. 7 asks Defendants to "[i]dentify all persons employed by any of the Defendants at any time since January 1, 2008, who have filed an EEOC charge, grievance or any other complaint alleging violation of the [ADEA]." (Pl.'s First Set of Interrogs. at 4, Doc. No. 17-1.) In their response, Defendants objected to this Interrogatory as "overly broad, burdensome, immaterial, remote in time frame, and not reasonably calculated to lead to the discovery of admissible evidence." (Defs.' Resps. Pl.'s First Set of Interrogs. at 4, Doc No. 17-2.) Defendants argued that, because Plaintiff had been an employee of Cahaba Safeguard Administrators ("CSA") since 2003, "[a] generalized request to obtain every instance in which any employee of her employer or its parent company, Blue Cross Blue Shield of Alabama[,] raised an allegation of age discrimination . . . is unwarranted and outside the scope of permissible discovery." (*Id.*) Plaintiff has since proposed to limit this interrogatory to charges and grievances alleging age discrimination which were filed by employees of CSA and CBA during the time period Plaintiff was an employee of those subdivisions of BCBS-AL. (Pl.'s Mem. Supp. at 6, Doc. No. 17.) Defendants have agreed to identify prior claims that fall within this limited scope of Interrogatory No. 7. (Defs.' Resp. Opp'n at 13, Doc. No. 18.)

A party seeking to utilize Rule 33(d) must specify for each interrogatory the documents that "will actually reveal answers to the interrogatories." *Elfindepan*, 206 F.R.D. at 576. Here, although Defendants stated in their Response in Opposition that they would identify certain prior age-based claims of discrimination asserted against them during Plaintiff's employment, they have specified no other documents where this information can be found. As such, Defendants have failed to justify the use of Rule 33(d) regarding Interrogatory No. 7—they have not specified, in sufficient detail, "the records that must be reviewed . . . to enable [Plaintiff] to

locate and identify them as readily as [Defendants] could." *See* Fed. R. Civ. P. 33(d)(1); *Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985). Accordingly, the Court **GRANTS** Plaintiff's Motion regarding Interrogatory No. 7 and **ORDERS** Defendants to comply with Rule 33(d) by specifying, by category and location, the records from which an answer to Interrogatory No. 7—limited in scope as proposed by Plaintiff and agreed to by Defendants—can be derived.

### B. Interrogatory Nos. 8–11

Plaintiff's Interrogatory No. 8 asks Defendants to identify, for the time period of September 1, 2001, to November 30, 2011, all employees who worked for BCBS-NC before transferring to BCBS-AL, CSA, or CBA. (Pl.'s First Set of Interrogs. at 4–5, Doc. No. 17-1.) For each employee identified in response to this Interrogatory, Plaintiff asks Defendants to state:

> a) [the employee's] name;
> b) [the employee's] job title with BCBC-NC at the time of their move to BCBS-AL;
> c) [the employee's] job title(s) with BCBS-AL;
> d) [the employee's] date of birth;
> e) [the employee's] salary;
> f) [the employee's] total income reported on a W-2 for each year of employment;
> g) [the employee's] annual weeks of vacation allotted;
> h) [the employee's] annual vacation pay;
> i) [the employee's] service awards by date and amount;
> j) whether or not [the employee] retired from BCBS-AL;
> k) if retired[,] whether or not [the employee] is a participant in the BCBS of Alabama Group Health Care Plan;
> l) [the employee's] dates of employment with BCBS-AL, [CSA], and [CBA];
> m) [the employee's] dates of employment with any other Blue Cross entity; [and]
> n) [the employee's] scores on annual performance evaluation for each year employed with BCBS-AL, [CSA], and [CBA].

(*Id.* at 5.)

Interrogatory No. 9 asks Defendants to identify, for the time period of September 1, 2001, to November 30, 2011, all employees of BCBS-AL, CSA, and CBA "who were given service

8

credit for years of service with BCBS-NC." (Pl.'s First Set of Interrogs. at 5, Doc. No. 17-1.) Plaintiff next asks Defendants, in Interrogatory No. 10, to identify all employees who received the same confirmation of employment letter from CBA that Plaintiff received. (*Id.*) Finally, Interrogatory No. 11 asks Defendants to identify all employees of BCBS who retired in 2011 and "were allowed to receive benefits under the Blue Cross and Blue Shield Group Health Plan." (*Id.* at 6.)

### 1. Defendants' Objections

Defendants objected to each of these Interrogatories. (Defs.' Resps. Pl.'s First Set of Interrogs. at 5–6, Doc No. 17-2.) To properly object to an interrogatory, the responding party must state "[t]he grounds for objecting . . . with specificity." Fed. R. Civ. P. 33(b)(4). A mere statement by the responding party "that an interrogatory or a document production request is 'overly broad, burdensome, oppressive, and irrelevant' does not suffice as a specific objection." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (quoting *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996)). If the objection has been properly articulated, the party seeking discovery has the burden to show that the discovery request falls within the confines of Rule 26. *Id.* at 240. However, an unstated ground for objection—*e.g.*, one that is not properly articulated—"is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Here, Defendants failed to properly articulate their objections to the Interrogatories in dispute. For each Interrogatory in dispute, Defendants merely stated that the request was "overly broad, burdensome, immaterial, remote in time frame, and not reasonably calculated to lead to the discovery of admissible evidence." (Defs.' Resps. Pl.'s First Set of Interrogs. at 5–6, Doc No. 17-2.) Mere boilerplate language such as this does not suffice as a proper objection to a

9

discovery request. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010) ("Objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection."). Accordingly, the boilerplate language used by Defendants constitutes a waiver of their objections on the grounds asserted— that the requests were "overly broad, burdensome, immaterial, remote in time frame, and not reasonably calculated to lead to the discovery of admissible evidence." *See id.* at 580 (finding that, where the responding party objected to the request as "overly broad and burdensome," the response was "a boilerplate objection that lacked particularized facts and therefore [was] a waiver of [the responding party's] objection on those grounds").

2. **Defendants' Utilization of Rule 33(d)**

In addition to stating their objections, for each Interrogatory in dispute, Defendants attempted to employ Rule 33(d) and directed Plaintiff "to the documents of employees similar to Plaintiff, if any, who retired from [BCBS-NC] on or about October 2001 and subsequently were employed by [CSA]." (Defs.' Resps. Pl.'s First Set of Interrogs. at 5–6, Doc No. 17-2.) Defendants then informed Plaintiff that these documents were made available for inspection in response to Plaintiff's Request for Production No. 19. (*Id.*) After Plaintiff filed her Motion to Compel, Defendants, in their Response in Opposition, offered to allow Plaintiff to review "responsive documents from the personnel files and payroll records of those employees who (a) worked for Defendants during the relevant time period[,] (b) who retired under the BCBS Group Health Plan, and (c) who, prior to working for Defendants, worked for a different Blue Cross and Blue Shield entity." (Defs.' Resp. Opp'n at 12, Doc. No. 18.) Defendants maintain that "[t]his inspection would satisfy Plaintiff's demands for supplementation of Interrogatory Nos. 8–11." (*Id.* at 12 n.9.) Plaintiff agrees, stating in her Reply Memorandum that these documents "are

responsive to the unanswered and incompletely answered discovery." (Pl.'s Reply at 5, Doc. No. 19.) However, Plaintiff asks the Court to order Defendants to comply with Rule 33(d) by "specifying the records that must be reviewed, in sufficient detail to enable [Plaintiff] to locate and identify them as readily as [Defendants] could." (*Id.*)

As discussed previously, a party seeking to employ Rule 33(d) must specify for each interrogatory the documents that "will actually reveal answers to the interrogatories." *Elfindepan*, 206 F.R.D. at 576. "Document dumps or vague references to documents do not suffice." *Id.* Here, Defendants are willing to allow Plaintiff to review certain "personnel files and payroll records," but not one specific document is identified for any of the Interrogatories in dispute. This attempted use of Rule 33(d) is more akin to a "document dump" than a specification of documents. Thus, Defendants have not complied with one of the requirements of Rule 33(d)—they have not specified "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Id.* at 577 (finding that the responding party did not comply with the specification requirement of Rule 33(d) where the responding party's actions were "more in the nature of a document dump"). As such, Defendants have failed to justify the use of Rule 33(d) regarding Interrogatory Nos. 8–11. Accordingly, the Court **GRANTS** Plaintiff's Motion regarding Interrogatory Nos. 8–11 and **ORDERS** Defendants to comply with Rule 33(d)—Defendants must specify, by category and location, the records from which answers to these Interrogatories can be derived.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **DENIED** as moot insofar as it relates to her Request for Production of Documents. The remainder of

11

Plaintiff's Motion, related to Plaintiff's First Set of Interrogatories, is **GRANTED** insofar as it seeks to compel Defendants to specify the records that must be reviewed in accordance with Federal Rule of Civil Procedure 33(d). The Court **ORDERS** Defendants, within fourteen (14) days of the entry of this Order and in accordance with Rule 33(d), to specify, by category and location, the records from which answers to Interrogatory Nos. 7–11 can be derived and to provide Plaintiff a reasonable opportunity to inspect such records.

Signed: July 15, 2014

Graham C. Mullen
United States District Judge